CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 22 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ANTHONY ANTHA SMITH, | ) | CASE NO. 7:14CV00356 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | |
| CHARLES A. MCCLURE, ESQ. et al., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendants. | ) | |

Anthony Antha Smith, a Kentucky inmate proceeding pro se, filed this action in the United States District Court for the Southern District of Ohio, claiming that the defendants infringed on his patent rights. Liberally construing his submissions, the court docketed them as a civil rights action pursuant to 42 U.S.C. § 1983. Because the events giving rise to the plaintiff's claims occurred in Lexington, Virginia, where one of the defendants resided, the Ohio court transferred the case to this court. See 28 U.S.C. § 1400(b). Smith has not prepaid the requisite filing fee and has submitted an application to proceed in forma pauperis. Upon review of the record, the court finds that the action must be summarily dismissed.

Smith sues a now-deceased attorney, Charles A. McClure, of Lexington, Virginia, who represented Smith in obtaining a 1999 patent for a device Smith invented, the "Portable Liquid Sanitation Cart." Sometime after obtaining the patent, Smith suffered a stroke and was temporarily incapacitated. Smith believes that during this period and thereafter, McClure offered the sanitation cart device for sale as his own on his business website, PatentStorm, thus allegedly infringing on Smith's rights under the patent. Smith asserts that McClure wrongfully denied him all profits thus obtained and seeks compensatory damages and an injunction against McClure's

continuation of fraudulent conduct and refusal to make reparations. Smith also sues Jim Weinstein, who allegedly knew about the fraud scheme.

The Prison Litigation Reform Act (PLRA) states that a federal court shall dismiss an action filed in forma pauperis at any time if the court determines that the action is frivolous, malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Congress has noted that a litigant "whose filing fees are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious or repetitive lawsuits." Johnson v. Edlow, 37 F.Supp.2d 775, 776 (E.D. Va. 1999) (quoting Neitzke v. Williams, 490 U.S. 319, 324 (1989)). Accordingly, courts are charged to dismiss an action proceeding in forma pauperis any time during the course of the litigation when it becomes apparent that the action is frivolous, malicious, or fails to state a claim. 28 U.S.C. § 1915(e)(2); Cain v. Commonwealth of Virginia, 982 F. Supp. 1132, 1136 (E.D. Va. 1997).

A litigant may be deemed to act maliciously if his motive is to vex and harass the defendants. Johnson, 37 F.Supp.2d at 776. In determining whether an action is malicious, the court must review not only the instant complaint, but also the plaintiff's prior litigious conduct. Id. (citing Cochran v. Morris, 73 F.3d 1310, 1316-17 (4th Cir. 1996)). In the alternative, upon finding that a complaint filed in forma pauperis raises claims that "have no arguable basis in law or fact," the court may summarily dismiss that action as frivolous. Nasim v. Warden, Maryland House of Corr., 64 F.3d 951, 954 (4th Cir. 1995) (interpreting prior version of § 1915(e)).

Smith filed these the same patent infringement claims against McClure in at least three prior lawsuits: Smith v. McClure, Case No. 7:08CV00414 (W.D. Va. 2008) (summarily dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim); Smith v. McClure, No. 6:10CV00022 (W.D. Va. June 8, 2010) (dismissed under 28 U.S.C.

2

§ 1915(e)(2)(B)(ii) with prejudice for failure to state a claim); Smith v. McClure, No. 7:14CV00285 (W.D. Va. June 10, 2014) (dismissed under § 1915(e)(2)(B) for failure to state a claim). In dismissing No. 7:08CV00414, the court took judicial notice that the website Smith referenced merely provided the general public with an opportunity to search and obtain free copies of patents for all patented inventions from 1976 to the present and did not offer any of the patented products for sale. In its opinion dismissing No. 7:14CV00285, the court noted that PatentStorm is no longer in operation, and McClure died in 2010, thus mooting any claim for injunctive relief. For these same reasons, the court concludes that the present action must be summarily dismissed under § 1915(e)(2)(b) as frivolous, as it has no basis in fact or law.

Moreover, the court finds that the action against Defendant McClure must also be dismissed as malicious. Smith has had ample notice from the court's prior decisions that his claims are utterly without merit, and yet he continues to file new lawsuits raising the same claims. The only conceivable motive for such repetitive filings is ill will toward the defendant and an intent to continue to harass him with meritless litigation.

For the reasons stated, the court dismisses Smith's complaint, pursuant to § 1915(e)(2)(B), as frivolous and malicious. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 21st day of July, 2014.

/s/ Gary Conrad
Chief United States District Judge